IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case Number:_____-CIV-_____

**AISHIA PETERSEN,**

    Plaintiff,

**v.**

**THE CHEESECAKE FACTORY BAKERY INCORPORATED,**

    Defendant.

_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

**COMES NOW**, Plaintiff Aishia Petersen ("Plaintiff "or "Petersen"), by and through undersigned counsel, files this Complaint and sues Defendant, **The Cheesecake Factory Bakery Incorporated** for Permanent Injunctive Relief pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s 12181-12189 ("ADA"), 28 U.S.C. §2201 and 2202 as well as 28 CFR Part 36 Regulations. Plaintiff state as follows:

### INTRODUCTION

1. This Court has jurisdiction over this case based on federal question jurisdiction, as provided in 28 U.S.C. §1331 and the provisions of the Americans with Disabilities Act, (hereinafter, "ADA").

2. Plaintiff is a visually impaired and legally blind person (disabled) who requires assistance through screen-reading to navigate and communicate with business through their

websites in the internet. Plaintiff uses the term "blind" or "visually impaired" as legally blind. Disable as defined by ADA and Amendment acts of 2008, 42 USC §12101 (ADAAA).

3.Plaintiff brings this action against Defendant for providing a physical and digital business https://www.thecheesecakefactory.com/ (the Website) is not fully accessible usable by visually impaired consumers. The Website at issue is available to the Website visitors.

4. Defendant developed the Website and had an option during development to make fully accessible to screen-readers, but opted not to do so. Accessibility is an optional feature in development of websites. The developer accessibility tools is available to aid them in creating an accessible user experience for all users, including those with a disability or impairment.

5. The Defendant distributes its Website to millions of users through their users computer.

6. Defendant offers its Website to the general public from which it sells a variety of meals, the Website offers take out from the physical restaurant or delivery. Consumers require the ability to order goods and services anytime and from anywhere, even on the go. Defendant's Website allows users to purchase on a e-commerce platform through an internet connection to Wi-Fi or cellular data so that users can place orders, locate restaurants, and explore the menu offerings on the go.

7. Defendant has subjected itself to the ADA because Defendant's Website is offered as a tool to communicate between the business and consumers to sell the same products offered at its physical restaurants, which are places of public accommodation. As a result, Website must interact with Defendant's restaurants and the public, and in doing so must comply with the ADA, which means it must not discriminate against individuals with disabilities and may not deny full and equal enjoyment of the goods and services afforded to the general public.

8. In the statutory text, Congress determined that "individuals with disabilities continually encounter various forms of discrimination," including "communication barriers". 42 U.S.C. § 12182(a).

9. Plaintiff and Blind consumers must use the assistive technology to access business Website e-commerce platform. The Website must be designed and programmed to work with the assistive Accessibility feature which is readily available. Defendant's Website, however, contains digital barriers which limit the ability of blind and visually impaired consumers to access it.

10. Defendant's Website is not fully or equally accessible to blind or visually impaired consumers in violation of the "ADA." As a result, Plaintiff seeks a permanent injunction to cause a change in The Cheesecake Factory Bakery Incorporated ("Defendant" or "Cheesecake Factory") policies, practices and procedures so that Defendant's Website will become, and remain, accessible to blind. Plaintiff seeks injunctive relief, attorneys' fees and costs, including, but not limited to, court costs and expert fees, pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s 12181-12189 ("ADA") and 42 U.S.C. 2000a-3(a). *See also* 28 U.S.C. 2201 and 2202 as well as ADA 28 CFR Part 36 Regulations.

11. Throughout the ADA, "auxiliary aids and services" refers to techniques and devices to overcome barriers in communicating with people who have visual and hearing impairments, among other things. See 42 U.S.C. 12103(1).

12. Implementing these provisions, see 42 U.S.C. § 12186(b), the Attorney General's Title III regulations require public accommodations to "furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities." 28 C.F.R. § 36.303(c)(1). The regulations specifically list "screen reader software," "magnification

3

software," and "accessible electronic and information technology" as among the auxiliary aids that the statute requires. 28 C.F.R. § 36.303(b)(2).

13. Plaintiff is sui juris, and he is disabled as defined by the ADA and ADA Amendments Act of 2008, 42 U.S.C. §12101 ("ADAAA").  Defendant's failure to design, construct, maintain, and operate its Website to be fully and equally accessible to and independently usable by Plaintiff, constitutes in Defendant's denial of full and equal access to its Website, and therefore denial of its products and services offered thereby in conjunction with its physical location(s), resulting in a violation of Plaintiff's rights under the Americans with Disabilities Act ("ADA").

14. Defendant owns and operates the Website and several Cheesecake Factory that are located in Florida.

15. This case arises out of the fact that Defendant The Cheesecake Factory Bakery Incorporated has operated its business in a manner and way that effectively excluding individuals who are visually impaired from access to Defendant Website based upon Defendant's failure to provide auxiliary aids and services for effective communications.

16. Plaintiff seeks injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

17. Plaintiff, a legally blind person, is impeded to access and communicate with Defendant's physical restaurants effectively and timely because its Website is inaccessible such that impede access to Defendant's various physical locations; because Plaintiff was unable to use the Defendant's Website to locate the Defendant's restaurant and place an online order items from the menu.

18. Plaintiff has downloaded and attempted to patronize Defendant's Website and physical restaurants in the past and intends to continue to make further attempts to patronize Defendant's physical restaurants. Plaintiff is and has been Defendant's customer. Plaintiff would like to place

an online order from Defendant's menu and learn about discounts before going to Defendant's physical restaurant in convenient location. Plaintiff has been to one of the Defendant's restaurants in another state with friends and would like to return to Defendant's restaurant in Florida in near future, when Defendant is required to eliminate the access barriers at its Website then Plaintiff can locate the Defendant's restaurants and order. Until digital barriers are removed, Plaintiff will continue to be denied full and equal access to the Defendant's restaurant as described and will be deterred from fully using Defendant's physical locations.

19. Plaintiff continues to attempt to access the physical location (for take out) through the Defendant's Website. Plaintiff intends to utilize the Defendant's physical locations when Plaintiff is able to order on the Website menu and pick up at the restaurant. Plaintiff visited the Website from October 28 to November, 30, 2024, the most part of the Website remains inaccessible for the blind.

20. Plaintiff has suffered, and continues to suffer, frustration and humiliation as the result of the discriminatory conditions present at Defendant's website https://www.thecheesecakefactory.com/ (the Website). By continuing to operate its Website with discriminatory conditions, Defendant contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. Plaintiff is deprived of the meaningful choice of freely visiting and utilizing the same accommodations readily available to the general public and is deterred and discouraged from doing so. By maintaining the Website with violations, Defendant cannot place an online order the Defendant's menu, search discounts and compare quality and prices before she goes to the physical restaurant.

21. Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA. Then Plaintiff will return to Defendant's physical restaurants.

22. Unless Defendant is required to eliminate the access barriers at issue and required to change its policies so that access barriers do not reoccur on Defendant's Website, then Plaintiff will be able to access the Defendant's restaurants, until then Plaintiff continues to be denied full access and discriminated.

## JURISDICTION AND VENUE

23. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 and 42 U.S.C. § 12188.

24. Plaintiff's claims asserted herein arose in this judicial district and Defendant does substantial business in this judicial district where it has multiple physical restaurants in Flórida, including 2612 Sawgrass Mills Circle, Sunrise, FL 33323.

25. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(1) and (2) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred. Defendant has been and is committing the acts or omissions alleged herein in the Southern District Court that caused injury and violated Plaintiff's rights under the ADA and UCRA.

26. Defendant is subject to personal jurisdiction in this District. Defendant has been and is committing the acts or omissions alleged herein in the Southern District of Florida that caused injury, and violated rights prescribed by the ADA to Plaintiff. This Court has personal jurisdiction over Cheesecake Factory, pursuant to, *inter alia*, Florida's long arm statute F.S. § 48.193, a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in the Southern

District of Florida. Specifically, on several separate occasions, Plaintiff has been denied the full use and enjoyment of the facilities, goods, and services of Defendant's Website in Florida. The access barriers Plaintiff encountered on Defendant's Website have caused a denial of Plaintiff's full and equal access multiple times in the past, and now deter Plaintiff on a regular basis from accessing Defendant's Website as well as physical locations. Plaintiff would like to become Defendant's patron and access the Defendant's Website to order take out and visit the physical restaurants in the near future, but the barriers Plaintiff encountered on Defendant's Website have impeded Plaintiff's full and equal enjoyment of goods and services offered at Defendant's physical restaurant. Defendant Cheesecake Factory is authorized to conduct, and is conducting, business within the State of Florida and within the jurisdiction of this court.

## PARTIES

27. Plaintiff, Aishia Petersen, is and, at all times relevant hereto, is an Orlando, Florida resident. Plaintiff is and, at all times relevant hereto, has been legally blind and is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2) and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq*.

28. Petersen is legally blind, and a member of a protected class under the ADA. Whereby, she has a disability within the meaning of 42 U.S.C. § 12102(1)-(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq.* and in 42 U.S.C. 3602, §802(h). Plaintiff was diagnosed with congenital glaucoma in both eyes by UM Health- Bascom Palmer Eye Institute, and consequently, is legally blind and the visual disability is permanent. Plaintiff is a legally blind individual who has a physical impairment that substantially limits the major life activity of seeing. Accordingly, she has a disability within the meaning of 42 U.S.C. § 12102 and 28 C.F.R. § 35.104.

Plaintiff is a qualified individual with a disability within the meaning of 42 U.S.C. § 12131(2), 29 U.S. Code § 794 and 28 C.F.R. § 35.104.

29. Defendant The Cheesecake Factory Bakery Incorporated owns, controls, and maintains multiple restaurants and its e-commerce platform (the Website) called Cheesecake Factory, within the Southern District of Florida, either through franchisees, affiliates, partners or other entities. Defendant's restaurants called Cheesecake Factory serves food and meals to the public. Defendant also offers those items to the public through its Website. Defendant's restaurant (physical locations) and accompanying Website work collectively and the physical locations are places of public accommodations pursuant to 42 U.S.C. § 12181(7)(B).

## FACTS

30. Defendant is defined as a "Place of Public Accommodation" within meaning of Title III because Defendant is a private entity which owns and/or operates "[A] a restaurant, bar, or establishment serving food." 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(5).

31. Each of Defendant Cheesecake Factory's restaurants are open to the public and each is a Place of Public Accommodation subject to the requirements of Title III of the ADA and its implementing regulation as "restaurant," as defined by 42 U.S.C. §12181(7)(B); §12182, and 28 C.F.R. Part 36.

32. Cheesecake Factory's restaurant serves meals to the general public and allows to order from its online menu for pick up at its restaurants.

33. Defendant's Website is offered by Defendant as a way for the public to communicate with Cheesecake Factory's restaurants. Defendant's Website also permits the general public to order and order meals, and (among other things) provides: customer service, locate restaurants,

order for delivery or pickup, discounts and gift cards. But was inaccessible when Plaintiff used the Website.

34. Defendant's Website is an integral part of the goods and services offered by Defendant's restaurant, because Defendant's Website and its physical restaurants are heavily integrated, since Defendant's Website has several features which allows the public the ability to locate Defendant's restaurants, order and pick up at physical restaurant. But Plaintiff tried to use the Defendant's Website to order a meal, and buy a gift card but these features of Defendant's Website were inaccessible to Plaintiff.

35. The Website is an extension of the defendant's physical restaurants. By this nexus, between the restaurants characterized as a Place of Public Accommodation and the Website pursuant to Title III, 42 U.S.C. §12181(7)(B) of the ADA.

36. Defendant has control over its Website content, design and source-code. Defendant's Website has a connection to Defendant's (corporation, franchisor, franchisees, and affiliates) place of public accommodation pursuant to 42 U.S.C. § 12181(7)(B). Therefore, under the ADA, Defendant must ensure that individuals with disabilities have access to full and equal enjoyment of the goods and services offered on its Website and restaurants.

37. Blind and visually impaired individuals may access Website by using accessibility features in conjunction with screen reader software that converts text to audio. Screen reader software provides the primary method by which a visually impaired person may independently use the internet. Unless the Website is developed and designed with Accessibility features to be accessed with screen reader software, visually impaired individuals are unable to fully access Website and the information, products, and services available through the Website.

38. *On March 18, 2022,* The Department of Justice issued Web Accessibility Guidance under the Americans with Disability Act. It explains how businesses open to the public (the entities covered by ADA Title III) can make sure their website is accessible to people with disabilities in line with the ADA's requirements. (Exhibit B). The guidance discusses the importance of web accessibility, barriers that inaccessible websites create for people with disabilities, tips on making web content accessible and applied the Web Content Accessibility Guidelines ("WCAG") 2.1 to determine accessibility. *See https://www.justice.gov/opa/pr/justice-department-issues-web-accessibility-guidance-under-americans-disabilities-act.*

39. Plaintiff is legally blind and uses screen reader (NVDA for Windows and JAWS) in order to access internet Website' content. Plaintiff's software is the most popular screen reader software utilized worldwide by visually impaired individuals to browse and understand websites.

40. Plaintiff called one of the Defendant's restaurants trying to find one in Fort Lauderdale. The representative who answered the phone guided Plaintiff to use the Website to find a Cheesecake Factory location near Plaintiff's location. Despite attempts, Defendant's Website did not fully integrate with Plaintiff's mobile phone Accessibility screen-reader. Plaintiff's ordering attempts were rendered futile because the Website was inaccessible. Plaintiff tried to locate the nearest restaurant and order take-out but the Website was inaccessible. Later, we realized that Plaintiff called the Cheesecake Factory of Fort Lauderdale. Plaintiff listed her observations about the obstacle she found to access the Cheesecake's Website:

a) Order Now – confirm location popup does not have focus and cannot be navigated by keyboard-keys (screen-readers). After opening the pop-up the user needs to confirm the restaurant location and answer yes or no. But the Website continues reading the links in the previous page. Check the issue on

b)  Plaintiff searched for a restaurant near Fort Lauderdale; the feature "Find a Location" does not work with screen-readers. location skips address. There is no focus on the address and phone number. Check the issue on  Check https://youtu.be/BgYkd-xMQ-w

c) The Menu page goes out focus when using screen-reader and with keyboard keys.  Check video on  https://youtu.be/zOptZMN3rbk

d) Add to Cart feature, the Website announces "dialogue". The Plaintiff cannot complete her order. Plaintiff cannot understand what it is announced because is mislabeled and it does not makes any sense. Thus, Plaintiff cannot checkout. Check the video on  https://youtu.be/MT-h8ikCKpY

e) gift card page images have no alt.It should have a meaningful description of the image. Check the issue on https://youtu.be/xVd1rH-_Du0 .

f) when using keyboard in the menu page - skips all information and goes to bottom of the page-(here link). Check the issue on  https://youtu.be/P7haM9L6DAo and https://youtu.be/wwaB1zHlWhQ

f) The banners on the Website have no alternative text description (alt).

g. The background, text and products have poor contrast. Also, the Website does not provide a zoom feature.

41. Plaintiff concluded that the Defendant's Website is substantially inaccessible and impeded Plaintiff from placing a takeout order, making a purchase, locating the nearest store to Plaintiff location at the moment Plaintiff was trying to communicate with Defendant's shop, thus trying to access the Defendant's physical restaurant.

42. Defendant's Website does not meet the WCAG 2.1 A level of accessibility. The Website should be accessible by keyboard only (no mouse or other pointing device). Images without alt-text description, Add to Cart and Checkout features inaccessible, multiple issues were found including:

submits a form with errors then the error message(s) is visually displayed but is neither announced nor given keyboard-focus; buttons do not have the proper roles and are not accessible to screen readers.

43. The fact that Plaintiff could not access and comprehend the Defendant's Website, left Plaintiff excluded from accessing Cheesecake Factory's restaurant, goods and services available from Defendant and further left him with the feeling of segregation, frustration, humiliation, and unable to participate in a manner equal to that afforded to others who are not similarly disabled. As a result, Plaintiff has suffered particularized harm and an injury in fact.

44. By failing to adequately design and program its Website to accurately and sufficiently integrate with mobile screen-readers, Defendant has discriminated against Plaintiff and others with visual impairments on the basis of a disability by denying them full and equal enjoyment of the Website, in violation of 42 U.S.C. § 12182(a) and C.F.R. § 36.201.

45. As a result of Defendant's discrimination, Plaintiff was unable to use Defendant's Website and suffered an injury in fact including loss of dignity, discrimination, and other tangible and intangible injuries. The barriers on the Website have caused a denial of Plaintiff's full and equal access multiple times in the past, and now deter Plaintiff from attempting to use Defendant's Website.

## AMERICAN WITH DISABILITIES ACT

46. The failure to access the information needed (locate the restaurant) precluded Plaintiff's ability to patronize Cheesecake Factory because, as a blind individual, Plaintiff needs to plan her outings out in detail in order to have the proper financing for a venture, and ensure that she arrives at a given location, like Defendant's restaurants location near her home or at a convenient location.

47. Technology evolves, and consumers are doing most of their shopping online, on the go. Defendant's provision of an e-commerce Website is an essential part of the services offered and is no different than the customer service to the public as part of Cheesecake Factory's restaurant services, privileges and benefit to the public.

48. Title III ADA Part 36 regulation was amended to integrate section 36.303 Auxiliary Aids and Services "A public accommodation shall furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities." For example. The term "auxiliary aids and services" includes: computer-aided transcription services, qualified readers, taped texts, audio recordings, Braille materials, or other effective methods of making visually delivered materials available to individuals with visual impairments, acquisition or modification of equipment or devices; and effective communication.

49. Section 36.204 specifies that a entity shall not, directly, or through contractual utilize standards or criteria or methods of administration that have the effect of discriminating on the basis of disability or that perpetuate the discrimination of others who are subject to common administrative control. For example, franchisor and franchisee agreement should not allow discriminatory policy and procedures.

50. The Defendant's Website is characterized as an intangible service, privilege and advantage provided by Cheesecake Factory's Restaurants a Place of Public Accommodation as defined under the ADA, and its Website is an extension of Cheesecake Factory's physical locations, services, privileges and advantages made available to the general public by Defendant through its physical restaurants.

51. All Public Accommodations must ensure that their *Places of Public Accommodation* provide **Effective Communication** for all members of the general public, including individuals

with disabilities. Binding case law increasingly recognizes that private entities are providing goods and services to the public through the Website and physical locations that operate as "Places of Public Accommodation" under Title III.

52. A person who cannot see, like the Plaintiff in this case, cannot go to Defendant's Website and avail themselves of the same privileges. Thus, the Plaintiff has suffered discrimination due to Defendant's failure to provide reasonable accommodation for Plaintiff's disability.

53. Notice to Defendant is not required as a result of Defendant's failure to cure the violations.

54. Enforcement of Plaintiff's rights under the ADA is right and just pursuant to 28 U.S.C. §§ 2201 and 2202 and Title III ADA Subpart E Section 36.501.

55. Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, among other things: a failure to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities and a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services. 42U.S.C. § 12182(b)(2)(A)(ii) (iii); see also 28 C.F.R. § 36.303(a).

**COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

56. Part 36 of Title 28 of the C.F.R. was designed and is implemented to effectuate subtitle A of Title III of the ADA, which prohibits discrimination on the basis of disability by Public Accommodations and requires Places of Public Accommodation to be designed, constructed, and altered in compliance with the accessibility standards established by Part 36 Regulation.

57. The acts alleged herein constitute violations of Title III of the ADA, and the regulations promulgated thereunder. Plaintiff, who is legally blind and has a disability that substantially limits the major life activity of seeing within the meaning of 42 U.S.C. §§12102(1)(A) and (2)(A), has been denied full and equal access to Defendant's Website.

58. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged hereinabove and this suit for injunctive relief is her only means to secure adequate redress from Defendant's unlawful and discriminatory practices.

59. Unlawful discrimination includes "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations." 42 U.S.C. § 12182(b)(2)(A)(II).

60. Unlawful discrimination also includes "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services".42 U.S.C. § 12182(b)(2)(A)(III).

61. Defendant is in violation of the ADA by creating barriers for individuals with disabilities who are visually impaired and who require the assistance of interface with screen reader software to comprehend and access digital Website. These violations are ongoing.

62. Plaintiff has retained the law office of Acacia Barros, Esq. and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred.

Plaintiff is entitled to have reasonable attorneys' fees, costs and expenses paid by Defendant Cheesecake Factory.

## PRAYER FOR RELIEF

63. **WHEREFORE**, Plaintiff **Aishia Petersen** hereby prays judgment against Defendant "The Cheesecake Factory Bakery Incorporated" and requests the following injunctive relief permanently enjoin Defendant from any practice, policy and/or procedure which will deny Plaintiff equal access to, and benefit from Defendant's services and goods, as well as the Court:

a. A Declaratory Judgment that <u>at the commencement</u> of this action Defendant was in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendant took no action that was reasonably calculated to ensure that its Website is fully accessible to, and independently usable by, blind individuals;

b. A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendant to take all steps necessary to brings its Website into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that its Website is fully accessible to, and independently usable by, blind individuals, and which further directs that the Court shall retain jurisdiction for a period to be determined to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law;

c. That the Court enter an Order directing Defendants to continually update and maintain their Website to ensure that it remains fully accessible to and usable by visually impaired individuals;

d. That the Court enter an award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and Title III of the ADA Section § 36.505, and

e. The provision of whatever other relief the Court deems just, equitable and appropriate.

Respectfully submitted,

Dated this 5th day of December 2024.

> *s/Acacia Barros*
> Attorney for Plaintiff
> ACACIA BARROS, P.A.
> Acacia Barros, Esq.
> FBN: 106277
> 11120 N. Kendall Dr., Suite 201
> Miami, Florida 33176
> Tel: 305-639-8381
> ab@barroslawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of December 2024 that the foregoing document has been filed using CM/ECF system and will be served via email when Defendant/Defendant's counsel enters an appearance.

> */s/Acacia Barros*
> Attorney for Plaintiff
> ACACIA BARROS, P.A.